UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMAL THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6097** |
| **RAIN CII CARBON, LLC., ET. AL.** | **SECTION "B"(3)** |

## ORDER AND REASONS

Before this Court is Plaintiff's, Jamal Thomas, "Motion to Remand to State Court" and "Motion to Expedite the Motion to Remand" (Rec. Docs. 61 and 63), seeking remand to the 23rd Judicial District for the Parish of St. James, State of Louisiana, alleging that this Court lacks subject matter jurisdiction. Defendant, Rain CII Carbon, submit a Response in Opposition (Rec. Doc. 74), arguing complete diversity and that Plaintiff's claim is facially and factually over the jurisdictional amount. For the reasons stated herein,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 61) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite the Motion to Remand (Rec. Doc. 63) is **DISMISSED as Moot**.

**FACTS AND PROCEDURAL HISTORY**

This case stems from an accident that occurred on May 26, 2016, when Plaintiff was operating a dump truck at Defendant Rain CII Carbon's ("Defendant Rain") facility in Gramercy, Louisiana. Rec. Doc. 2-1 at 1. Plaintiff alleges that he was instructed to drive the dump truck, in reverse, onto a ramp in order to unload

coal. Rec. Doc. 6. While attempting to back up onto the ramp, the rear passenger wheels slid off the edge of the ramp, resulting in the dump truck overturning. *Id.* Plaintiff contends that the ramp was defectively designed and/or improperly constructed "as it did not have railings on either side to prevent vehicles from tipping over the edge of the surface of the ramp . . . ." Rec. Doc. 6.

Plaintiff filed suit on May 19, 2017, in 23rd Judicial District Court for the Parish of St. James, naming Defendant Rain. Rec. Doc. 2-1. Plaintiff sought damages for past, present and future: physical pain and suffering; mental pain and suffering; medical expenses; inconvenience; property damages; lost wages; loss of earning capacity; disability; and all damages allowed under Louisiana law. Rec. Doc. 2-1 at 3. On June 23, 2017, Defendants timely filed their Notice of Removal with this Court, maintaining that federal subject matter jurisdiction exists under 28 U.S.C. § 1332 – averring that there is diversity of citizenship and that it is facially apparent from Plaintiff's Petition that the amount in controversy exceeds $75,000. Rec. Doc. 2. In discussing the amount in controversy, Defendant Rain references Plaintiff's allegation that he was "severely injured." Specifically, Defendant Rain notes that Plaintiff seeks past and present lost wages for two years, at a rate of $13.00 – $16.00 when employed, which would range from $54,080.00 – $66,560.00. Defendant Rain also points to the extensive list of damages sought by Plaintiff, as well as the fact that Plaintiff requests medical expenses for his alleged injuries

2

in the amount of $34,057.00. Rec. Doc. 74 at 9-10; Rec. Doc. 74-5, Summary of Medical Expenses and medical billing records.

On March 22, 2018, Plaintiff filed a stipulation of damages. Rec. Doc. 55. Subsequently, on March 29, Plaintiff filed the instant motion to remand to state court. Rec. Doc. 61.

**LAW AND ANALYSIS**

    **A. Removal**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Court must remand the case to state court "[i]f at any

time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c).

**B. Amount in Controversy**

Under Fifth Circuit precedent, the burden of a defendant removing based on 28 U.S.C. § 1332 to show that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages, as this figure will generally control. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). When a defendant is removing from a Louisiana state court, where the plaintiff is not permitted to plead a specific amount of money damages, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.; see also De Aguilar*, 47 F.3d at 1412. The defendant does this by either showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *De Aguilar*, 47 F.3d at 1411-12. To prevent removal, plaintiffs may file a binding stipulation or affidavit in conjunction with their state court petition, but it must affirmatively renounce the right to accept a judgment in excess of

4

$75,000 in order to be binding. *Id.* at 1412; *Crosby v. Lassen Canyon Nursery, Inc.*, No. CV-02-2721, 2003 WL 22533617, at *3 (E.D. La. Nov. 3, 2003). As such, it is well-established in the Fifth Circuit that courts may always consider pre-removal stipulations.

On the other hand, the Fifth Circuit holds that post-removal affidavits or stipulations of the plaintiff may be considered only in limited circumstances. *See Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), *abrogated by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).[1] Specifically, they may be considered to clarify the amount in controversy as of the date of removal when it is ambiguous. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The Fifth Circuit has held that the defendant has not met the burden for removal when:

> (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [$75,000]; (2) the defendant[] offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiff['s] claims; and (3) the plaintiff[] timely contested removal with a sworn, unrebutted affidavit indicating that the

---

[1] It should be noted that there is a disagreement amongst the U.S. Courts of Appeal for the various Circuits as to whether post-removal damage stipulations should be considered at all. *See* Benjamin T. Clark, *A Device Designed to Manipulate Diversity Jurisdiction: Why Courts Should Refuse to Recognize Post-Removal Damage Stipulations*, 58 Okla. L. Rev. 221, 231, 236 (2005) ("The U.S. Courts of Appeal for the Third, Sixth, and Seventh Circuits have held that post-removal damage stipulations should be disregarded[,]" while "the U.S. Court of Appeals for the Fifth Circuit and a myriad of federal district courts have held that post-removal damage stipulations may be considered to clarify the amount in controversy.").

5

> requisite amount in controversy was not present.

*Asociacion Nacional*, 988 F.2d at 566. Consequently, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia*, 233 F.3d at 883.

**PLAINTIFF'S CLAIM EXCEEDS JURISDICTIONAL AMOUNT**

Despite counsel for Plaintiff now maintaining that Plaintiff will not accept an award exceeding $75,000 so as to justify remand, such action is inconsistent with existing precedent. First, though the complaint did not specify an amount of damages, this Court finds that it is facially apparent that the damages sought or incurred were above $75,000 at the time Plaintiff filed his state court petition. In drawing this conclusion, the factual similarities in *Gebbia* are persuasive.

In *Gebbia*, the plaintiff slipped and fell in the produce section in a Wal-Mart store and thereafter filed suit in Louisiana state court, seeking damages for, among other things, medical expenses, physical and mental suffering, loss of wages, and permanent disability. *Id.* at 881. The defendant removed the case to federal court and plaintiff then moved to remand, filing an affidavit in conjunction with the motion that stated her damages were less than $75,000. *Id.* at 881-82. The district court denied the motion, finding that the "[p]laintiff's [complaint] at the

time of removal alleged injuries that exceeded $75,000." *Id.* at 882. The plaintiff then moved for reconsideration based on medical evidence, simultaneously filing a stipulation that stated that her claims did not exceed $75,000. *Id.* The district court denied the motion and the Fifth Circuit affirmed, holding that – in light of the numerous damages sought by the plaintiff – it was facially apparent from the petition that the amount in controversy exceeded $75,000, such that post-removal affidavits, stipulations, and amendments seeking to reduce the amount could not deprive the district court of jurisdiction. *Id.* at 882-84.

In his petition, Plaintiff likewise seeks damages for, among other things, medical expenses, physical and mental pain and suffering, loss of wages and earning capacity, and permanent disability. Rec. Doc. 2-1. Though the petition does not provide many specifics in regard to what these amounts might be, Plaintiff states that he was "severely injured" as a result of the dump truck overturning with him inside. Rec. Docs. 2-1 and 6. Thus, this Court holds that it is facially apparent in Plaintiff's petition that the damages sought or incurred were likely above $75,000.

Additionally, it is not the case that Defendants only offered a conclusory statement in their notice of removal. Rather, Defendants mentioned the numerous damages sought, the severity and nature of Plaintiff's allegedly disabling injuries, and his claim for two years of lost wages.

It is insufficient that "Plaintiff certifies that the amount in dispute is $75,000." (Rec. Doc. 55). Such a conclusory statement "does not clarify an initially ambiguous amount in controversy and thus is insufficient to deprive the Court of jurisdiction once it has been properly established." *Levith v. State Farm Fire & Cas. Co.*, No. CV-06-2785, 2006 WL 2947906, at *3 (E.D. La. Oct. 11, 2006) (citing *Gebbia*, 233 F.3d at 883; *Asociacion Nacional*, 988 F.2d at 565). Though this Court notes that *Levith* references renunciation of the right to enforce a judgment as a possibility for divesting the district court of jurisdiction, renunciation alone will not suffice as "[e]vents occurring subsequent to the institution of suit [and after removal] which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938). Therefore, Plaintiff's counsel's renunciation, standing alone, is insufficient to divest federal jurisdiction.

As discussed above, it appears that this Court properly maintains federal subject matter jurisdiction over this action.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is hereby **DENIED**.

New Orleans, Louisiana, this 9th day of May, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE