UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMAL THOMAS                                         CIVIL ACTION

VERSUS                                               NO. 17-6097

ABC INSURANCE COMPANY, ET. AL.                       SECTION: "B"(3)

## ORDER AND REASONS

Before the Court are Third-Party Plaintiff Rain CII Carbon LLC's ("Rain CII") Motion for Indemnity and Reimbursement of Attorneys' Fees and Costs (Rec. Doc. 91), Third-Party Defendant AOA Services, Inc.'s ("AOA") Response in Opposition (Rec. Doc. 94), and Rain CII's Reply (Rec. Doc. 98). The Court also takes into consideration AOA's Brief Regarding Third-Party Claims (Rec. Doc. 93) and Third-Party Defendant Paulina Contractors, Inc.'s ("Paulina") Response in Opposition (Rec. Doc. 95).[1] Accordingly,

**IT IS ORDERED** that Rain CII's Motion for Indemnity and Reimbursement for Attorneys' Fees and Costs is **GRANTED.**

**IT IS FURTHER ORDERED** that AOA's Motion for Indemnity and Reimbursement is **GRANTED IN PART AND DENIED IN PART.**

**FACTS AND PROCEDURAL HISTORY**

This contractual indemnity dispute arises out of a personal injury lawsuit.

Rain CII is the owner and operator of a calcining plant in Gramercy, Louisiana. *See* Rec. Doc. 93. Rain CII contracted with

---
[1] The Court construes AOA's Brief as a Motion for Indemnity and Reimbursement.

1

AOA, pursuant to Service Contract, where AOA agreed to haul and transport coke at Rain CII's facility. *See* Rec. Doc. 91-1 at 2. The Service Contract contemplated AOA using subcontractors. *See* Rec. Doc. 93 at 1. AOA subcontracted its work to Paulina, who employed Plaintiff Jamal Thomas. *See* Rec. Doc. 91-1 at 2. On May 26, 2016, plaintiff filed a lawsuit against Rain CII in state court, alleging that he was severely injured while unloading petroleum coke at Rain CII's facility.[2] *See id.* On June 23, 2017, Rain CII removed the lawsuit to this Court on the basis of diversity jurisdiction. *See id.* at 3.

After one year of litigation, plaintiff agreed to dismiss his claims with prejudice, without Rain CII having to pay any money to him. *See id.* at 5. On May 21, 2018, all parties filed a joint motion to dismiss plaintiff's claims with prejudice. *See id.* On May 24, 2018, this Court issued an Order dismissing plaintiff's claims, with prejudice, and ordering Rain CII and AOA to submit briefs on their respective third-party claims. *See* Rec. Doc. 91. The third-party claims are Rain CII's third-party claim for defense and indemnity against AOA and AOA's third-party defense and indemnity claim against Paulina. *See* Rec. Doc. Nos. 9, 21, 91, 93, 94, 95, 98.

---

[2] The dump-truck that plaintiff was operating flipped on its side. *See* Rec. Doc. 93 at 2.

On June 6, 2018, Rain CII filed a motion for indemnity and reimbursement for attorneys' fees and costs. *See* Rec. Doc. 91. On June 13, 2018, AOA filed an opposition memorandum. *See* Rec. Doc. 94. On June 26, 2018, Rain CII replied. *See* Rec. Doc. 98. AOA also filed a motion regarding its third-party claims on June 6, 2018. *See* Rec. Doc. 93. Paulina filed an opposition memorandum on June 13, 2018. *See* Rec. Doc. 95.

**LAW AND ANALYSIS**

**A. General Principles**

There is no dispute that Louisiana law governs this matter. Under Louisiana law, the language in an indemnity agreement dictates the obligation of the parties. *See Bollinger Marine Fabricators, LLC v. Marine Travelift, Inc.*, 2015 U.S. Dis. LEXIS 48182 *1, *11 (E.D. La. 2015). The indemnity provision language is construed in accordance with general rules governing contract interpretation. *See id.* If the terms of a contract are unambiguous and lead to no absurd result, the court must interpret the terms as a matter of law. *See id.* If the terms are ambiguous, the court must look to the intent of the parties. *See id.* "In determining whether an indemnitor is obligated to tender a defense or reimburse the costs of successfully defending an action, the court's inquiry turns entirely upon the allegations in the precipitating pleadings." *Id.* at *12. Louisiana courts look exclusively to the pleadings in light of the indemnity provisions. *See id.* at *11.

## B. Rain CII is Entitled to Indemnification

Rain CII's Third-Party Complaint arises out of two provisions of the Service Contract. The two provisions state:

**Section 8(a)**

[AOA Services] shall fully indemnify, save harmless and defend [Rain CII], its agents and employees including subsidiaries and its affiliated companies from and against all suits, actions, legal proceedings, claims demands, damages, cost and expenses of whatsoever kind or character (including but not limited to attorneys fees' and expenses) caused by wrongful acts or any omission, fault, or negligence of [AOA Services], or anyone acting on [AOA Services]'s behalf (including, but not limited to, subcontractors and vendors, their subcontractors and subvendors, and the employees and agent of any of the foregoing), in connection with or incident to the Contract or the Work to be performed hereunder, except to the extent caused by [Rain CII]'s negligence. *See* Rec. Doc. 9 at 4-5.

**Section 8(b)**

Without limiting the foregoing, [AOA Services] shall fully indemnify, save harmless, release and defend [Rain CII] and its subsidiaries, its affiliated companies, and the employees and agents, of any of the foregoing, from and against any and all suits, actions, and legal proceedings, claims demands, damages, costs and expenses of whatsoever kind or character (including but not limited to attorneys' fees and expenses) arising out of or by reason of any injury (including death) or damage to any person or entity employed by or acting on [AOA Services]'s behalf (including, but not limited to, subcontractors and vendors, their subcontractors and subvendors, and the employees and agents of any of the foregoing) under this Contract, including where caused in whole or in part by [Rain CII]'s negligence or strict liability. *See id*.

These provisions indicate that AOA assumes liability for the defense of or costs relating to injuries suffered by an employee in connection with the contracted work. The provisions here are not like the provisions in *Palmer v. General Health, Inc.*, 552 So. 2d 750 (La. App. 1 Cir. 1989). The provisions here are broad in scope and intend to cover situations irrespective of negligence on the part of either party. *See White v. Dietrich Metal Framing*, 2007 U.S. Dist. LEXIS 99122 *1, *9 (E.D. Tex. 2007)(stating that while the language "indemnify and save harmless" does not create an affirmative duty to defend, it implies a duty to reimburse for costs of defense, whether successful or not). The provisions in *Palmer v. General Health, Inc.* include limiting language. 552 So. 2d 750, 755 (La. App. 1 Cir. 1989)(stating that the provisions do not provide for indemnity without a finding of fault on the part of the indemnitor or a party for whom the indemnitor is responsible). It is clear that attorneys' fees and costs are within the scope of the indemnity provisions here because the two provisions expressly provide for "attorneys' fees and expenses." *See Bollinger Marine Fabricators, LLC*, 2015 U.S. Dis. LEXIS 48182 at *12 citing to *Naquin v. Louisiana Power & Light Co.*, 951 So. 2d 228, 232 (La Ct. App. 1 Cir. 2006) ("The law in Louisiana is well-settled that attorney fees in indemnity contracts are recoverable when specifically provided for by the contract . . ..").

AOA highlights the fact that the provisions here do not provide that AOA would indemnify Rain CII for is sole fault. *See* Rec. Doc. 94 at 2. It is the majority view that unless the intention is unequivocally expressed, the law will consider that the parties did not undertake to indemnify one against the consequences of its own negligence. *See Williams v. California Co.*, 289 F. Supp. 376, 379 (E.D. La. 1968). However, in this case, the attorneys' fees and costs were not incurred as a result of Rain CII's negligence; rather the outcome of the lawsuit was that Rain CII had not been negligent. *See* Rec. Doc. 90. Courts have rejected the argument that a party cannot recover its defense costs under an indemnity provision because the party was not been found liable to the plaintiff. *See e.g.*, *O'Neal v. International Paper Co.*, 715 F.2d 199, 203 (5th Cir. 1983); *White*, 2007 U.S. Dist. LEXIS 99122 at *9. AOA argues that it is not obligated to indemnify Rain CII because AOA was not, and cannot, be found liable. *See* Rec. Doc. 94 at 6. To state that AOA would only be liable if it were negligent, at least in part, would be to read into the contract a limitation which is not present. *See Williams*, 289 F. Supp. 376, 379 (E.D. La. 1968). Therefore, after reviewing the indemnity provision language and the pleadings, this Court finds that AOA is obligated to indemnify Rain CII for it attorneys' fees and costs as the plain language of the two provisions here unambiguously entitle Rain CII

to recover the attorneys' fees and costs incurred in defending against plaintiff's claims.

Having established that Rain CII is entitled to indemnification, the Court now turns to the reasonableness of Rain CII's attorneys' fees. "A fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). There is no dispute that Louisiana law governs the Service Contract. Accordingly, Louisiana law governs Rain CII's claim for attorneys' fees. *See Bollinger Marine Fabricators, LLC*, 2015 U.S. Dist. LEXIS 48182 at *12. To determine the reasonableness of a fee award, a court may consider, amongst other things, the ultimate result obtained; attorneys' legal knowledge and skill; number of appearances made; intricacies of the facts involved; and diligence and skill of counsel. *See id.* at *10. Rain CII maintains that these factors weigh in its favor as Rain CII, amongst other things, ultimately prevailed; its counsel has year of experience in personal injury litigation; its counsel filed a multitude of motions; its counsel attended one hearing before the Magistrate Judge and deposed plaintiff; and its counsel undertook reasonable and thorough efforts to craft arguments to obtain dismissal of plaintiff's claims. *See* Rec. Doc. 91-1 at 11-13, Rec. Doc. 98 at 4-5. AOA does not dispute the reasonableness of Rain CII's attorneys' fees. Therefore, AOA shall pay Rain CII's attorneys'

fees in the amount of $58,470.00 and court costs and expenses in the amount of $7,4417.83 for a total of $65,887.83 with interest from the date of the judgment.

### C. AOA is Partially Entitled to Indemnification

AOA contends that in contracting with Paulina it made certain the indemnity language was clear and unambiguous regarding Paulina's obligation to defend and indemnify AOA for claims brought against AOA directly or by Rain CII. *See* Rec. Doc. 93 at 4. AOA's Third-Party Complaint arises out of its Hauling Contract with Paulina. The indemnity provision states:

> a. TO THE FULLEST EXTENT PERMITTED BY LAW, COMPANY [PAULINA] AGREES TO HOLD HARMLESS AND UNCONDITIONALLY INDEMNIFY CONTRACTOR [AOA] AGAINST AND FOR ALL LIABILITY, COSTS, EXPENSES, CLAIMS AND DAMAGES, INCLUDING COSTS OF DEFENSE WHICH CONTRACTOR MAY AT ANY TIME SUFFER OR INCUR, OR BECOME LIABLE FOR BY REASON OF ANY ACCIDENTS, DAMAGES OR INJURIES SUSTAINED EITHER TO THE PERSONS OR PROPERTY OF COMPANY AND/OR ITS EMPLOYEES, OR OF THE CONTRACTOR AND/OR ITS EMPLOYEES, OR TO ANY THIRD PARTY, IN ANY MANNER ARISING OUT OF THE WORK PERFORMED BY COMPANY UNDER THIS AGREEMENT, REGARDLESS OF WHETHER SUCH INJURY OR DAMAGE WAS CAUSED IN WHOLE OR PART, TO ANY DEGREE, BY THE COMPANY OR THE CONTRACTOR. IT IS THE EXPRESS INTENT OF THE PARTIES TO THIS AGREEMENT THAT THE INDEMNITY OBLIGATIONS ARISING HEREUNDER INURE TO THE BENEFIT OF THE CONTRACTOR, REGARDLESS OF WHETHER THE INJURY OF DAMAGE SUSTAINED AROSE OUT OF THE CONTRACTOR'S SOLE OR CONCURRENT NEGLIGENCE. IT IS ALSO THE EXPRESS INTENT OF THE PARTIES TO THIS AGREEMENT THAT THE INDEMNITY OBLIGATIONS HEREUNDER APPLY TO INJURY OR DAMAGE SUSTAINED TO ANY PERSON. INCLUDING THE EMPLOYEES OF THE CONTRACTOR OR THE COMPANY, AND THAT NO REMEDY PROVIDED TO THE COMPANY'S EMPLOYEES UNDER ANY APPLICABLE WORKERS' COMPENSATION ACT SHALL OPERATE TO CIRCUMVENT THE OBLIGATIONS AS REFERENCED HEREIN. *See id*.

This provision indicates that Paulina assumes liability for the defense fees of or costs relating to injuries suffered by an employee in connection with the contracted work. Paulina offers an argument similar to the argument AOA offered in its opposition to Rain CII's Motion. *See* Rec. Doc. 95 at 2. Specifcally, Paulina argues that AOA wants indemnity for negligence of Rain CII. *See* Rec. Doc. 95 at 3. However, the attorneys' fees and costs that AOA are now liable for were not incurred as a result of Rain CII's negligence; rather the outcome of the lawsuit was that Rain CII had not been negligent. *See* Rec. Doc. 90. The indemnity provision states "FOR ALL LIABILITY, COSTS, EXPENSES, . . . INCLUDING COSTS OF DEFENSE WHICH [AOA] MAY AT ANY TIME . . . BECOME LIABLE FOR BY REASON OF ANY ACCIDENTS, DAMAGES OR INJURIES SUSTAINED EITHER TO THE PERSONS OR PROPERTY OF [Paulina] AND/OR ITS EMPLOYEES." AOA has become liable for Rain CII's attorneys' fees and costs by way of alleged injuries to an employee of Paulina. Therefore, Paulina is obligated to indemnify AOA for it attorneys' fees and costs as the plain language of the indemnity provision requires that result. *See Bollinger Marine Fabricators, LLC*, 2015 U.S. Dis. LEXIS 48182 at *11.

This provision does not indicate that Paulina assumes liability for AOA's expense of proving indemnification. Paulina argues that such recovery is outside of the scope of the indemnity provision. *See* Rec. Doc. 95 at 5. AOA cites no law to advance its

position that it is entitled said expense and did not challenge the precedent Paulina cites. AOA has the burden to show that it is entitled to indemnity, but has offered no support for its position, AOA fails to carry its burden. *See Bollinger Marine Fabricators, LLC*, 2015 U.S. Dis. LEXIS 48182 at *25. Therefore, Paulina is not obligated to pay AOA the attorneys' fees and costs it incurred in enforcing the Service Contract indemnity provisions against Rain CII. *See id*. at *26.

New Orleans, Louisiana, this 27th day of March, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE